RECEIPT # _____
AMOUNT $ 150 -
SUMMONS ISSUED YES
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. Kim Aboud
DATE 12-19-03

**UNTITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

FILED
CLERKS OFFICE

2003 DEC 19 A 10: 34

U.S. DISTRICT COURT
DISTRICT OF MASS.

C.A. NO.:

| | |
|---|---|
| THOMAS MULCAHY | )<br>)<br>) |
| Plaintiff | )<br>) |
| vs. | )<br>) |
| BEVERLY PORT MARINA, INC. | )<br>) |
| Defendant | )<br>)<br>) |

**COMPLAINT**

03-12558RWZ

MAGISTRATE JUDGE Cohen

## PARTIES

1. The Plaintiff, Thomas Mulcahy, is an individual residing at 22 Skinners Path in Marblehead, Massachusetts

2. The Defendant, Beverly Port Marina, Inc., is a corporation duly organized under the laws of the Commonwealth of Massachusetts with its principal place of business located at 43 Water Street in Beverly, Massachusetts.

## JURISDICTIONAL ALLEGATIONS

3. This Court has jurisdiction over this action pursuant to 28 USC §1333 and 28 USC §1367(a) in that there are matters in this action which are governed by the principles of admiralty and maritime law.

## SUBSTANTIVE ALLEGATIONS

4. On or about April 14, 2001, the Plaintiff, Thomas Mulcahy ("Mr. Mulcahy"), was the owner of a 1997, 48 foot, Ocean Yacht ("Mr. Mulcahy's boat").

5. On or about April 14, 2001, Mr. Mulcahy's boat was in winter storage with the Defendant, Beverly Port Marina ("Beverly Port").

6. On or about April 14, 2001, as Beverly Port was preparing to relaunch Mr. Mulcahy's boat, Beverly Port dropped Mr. Mulcahy's boat from the lift used by Beverly Port to transport boats.

7. At the time Mr. Mulcahy's boat was dropped by Beverly Port, Mr. Mulcahy's boat contained six (6) batteries.

8. On or about August 4, 2001, as Mr. Mulcahy was operating his boat in navigable waters on route from Maine to Salem, Massachusetts, a fire erupted in Mr. Mulcahy's boat.

9. The fire in Mr. Mulcahy's boat was caused by a crack in one of the six batteries that was on Mr. Mulcahy's boat when it was dropped by Beverly Port in April 14, 2001.

10. As a result of the fire in Mr. Mulcahy's boat, Mr. Mulcahy suffered $18,249.53 in damages to his boat.

## COUNT I
## NEGLIGENCE

11. The Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 10 as if they were more fully set forth herein.

12. The Defendant, Beverly Port, owned Mr. Mulcahy a duty to transport his boat in a safe and workmanlike manner.

13. The Defendant breached its duty to Mr. Mulcahy to transport Mr. Mulchay's boat in a safe and workmanlike manner.

14. The damages suffered by Mr. Mulcahy from the August 4, 2001 fire were the direct and proximate result of Beverly Port's breach of duty to Mr. Mulcahy.

15. The damages suffered by Mr. Mulcahy from the August 4, 2001 fire were the foreseeable result of Beverly Port's breach of duty to Mr. Mulcahy.

16. As a result of Beverly Port's breach of duty, Mr. Mulcahy suffered substantial property damage to his boat and was put to great expense in the repair of said property.

**WHEREFORE**, the Plaintiff, Thomas Mulcahy, prays that this court issue judgment against Beverly Port Marina in an amount to fairly compensate Mr. Mulcahy for his damages plus interest and costs.

## COUNT II
## BREACH OF CONTRACT

17. The Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1 through 16 as if they were more fully set forth herein.

18. On or before August 4, 2001, Mr. Mulcahy entered into a contract with the Defendant whereby Beverly Port agreed to store Mr. Mulcahy's boat for the 2000-2001 winter season and relaunch Mr. Mulcahy's boat in April of 2001.

19. Beverly Port had a duty to relaunch Mr. Mulcahy's boat in a good and workmanlike manner.

20. By allowing Mr. Mulcahy's boat to be dropped from the lift, Beverly Port breached its contract with Mr. Mulcahy.

21. The damages suffered by Mr. Mulcahy were a direct and proximate result of Beverly Port's failure to transport Mr. Mulcahy's boat in a safe and workmanlike manner.

22. As a result of the aforesaid breach of contract, Mr. Mulcahy suffered substantial property damage and was put to great expense in the repair of said property.

**WHEREFORE**, the Plaintiff, Thomas Mulcahy, respectfully requests this court to issue judgment against the Defendant, Beverly Port Marina, in an amount to fairly compensate the Plaintiff for his damages plus interests and costs.

### COUNT III
### BREACH OF IMPLIED WARRANTY

23. The Plaintiff repeats and incorporates paragraphs 1 through 18 as if they were more fully set forth herein.

24. The Defendant, Beverly Port, impliedly warranted to Mr. Mulcahy that Mr. Mulcahy's boat would be transported in a safe and workmanlike manner.

25. By allowing Mr. Mulcahy's boat to be dropped from the lift, Beverly Port breached its implied warranty that Mr. Mulcahy's boat would be transported in a safe and workmanlike manner.

26. The damages suffered by Mr. Mulcahy were a direct and proximate result of Beverly Port's aforesaid breach of implied warranty.

27. As a result of Beverly Port's breach of implied warranty, Mr. Mulcahy suffered substantial property damage and was put to great expense in the repair of said property.

**WHEREFORE**, the Plaintiff, Thomas Mulcahy, respectfully requests that this court issue judgment against Beverly Port Marina in an amount to fairly compensate the plaintiff for his damages plus interests and costs.

Respectfully Submitted
For the Plaintiff
By his attorneys,

Paul F. Cavanaugh, BBO#561158
Daly Cavanaugh LLP
27 Mica Lane
Wellesley, MA 02481
(781) 237-0600

Dated: 12-17-2003